*CASSEDY* vs. *LOUISIANA STATE INSURANCE COMPANY.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action on a policy of insurance: there have been two verdicts in favour of the plaintiff in the court below. The first was set aside in this court, and the cause remanded in consequence of an error in the charge of the judge. No objection of that kind is made now, and the cause stands before us on its merits.

There is no evidence whatever of a formal abandonment, but there is proof that a person holding the policy called on the defendants, and made a demand *as for a total loss*; that they asked him if the policy was endorsed to him, or if he had a power of attorney, and that on his answering in the negative, they stated, that the matter must lie over until he obtained

an authority, and advised him to write for it. The witness was the person by whom the insurance had been effected.

Whether a simple demand for a total loss amounts to an abandonment or not, is a question which cannot yet be, considered as settled. Mr. Phillips who has collected the cases in his late treatise on insurance, shews, that it has been decided both affirmatively and negatively in England. The doctrine appears however well understood, that no particular form of abandonment is necessary, and under this principle we are of opinion that a demand of payment as for a total loss amounts to it. The less the transactions of merchants, and all other classes of society are fettered by forms and technical rules, the better are the ends of justice promoted, because there is great difficulty in getting the world to understand and follow them.    Courts therefore act correctly, where positive regulations do not prevent them, in looking at the intention of the parties and their understanding, rather than to forms.    A demand for a total loss, if not necessarily, at least most strongly implies the doing of that on the part of him making the demand, without which it could not be rightfully made.    Payment

made on it would certainly vest the right of the
insurer in the insured. It therefore naturally follows, that in demanding the payment, the in
sured avowed his intention of divesting himself of his right to the property and transmitting it to the insurers.) *Phillips on Ins.* 447, 3 *Moore,* 115, 12 *East*, 488.

An objection has been taken to the want of authority in the agent to make the demand. But it appears he was the same person who effected the insurance, and as such was authorised to abandon, and adjust the loss, more particularly as he was the holder of the policy of insurance. *Phillips on Ins.* 519, 1 *Campbell* 43, 6 *Cranch* 272.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Preston* for the plaintiff, *Eustis* for the defendants.